J. FRANKLIN DENNIS AND BEVERLY A. DENNIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dennis v. Commissioner
Docket No. 3721-92
United States Tax Court
T.C. Memo 1993-345; 1993 Tax Ct. Memo LEXIS 348; 66 T.C.M. (CCH) 319; August 5, 1993, Filed *348 Decision will be entered under Rule 155. For petitioners: Bobby G. Wombles. For respondent: Jennifer Troutman. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' 1988 Federal income taxes of $ 5,571 and additions to tax of $ 325. After concessions, the sole issue for our decision is whether petitioners are entitled to an investment tax credit on rehabilitation expenditures (hereinafter rehabilitation credit) for improvements made to a certified historic structure. This case was submitted to the Court fully stipulated. Petitioners resided in New Albany, Indiana, at the time they filed their petition. On August 17, 1989, J. Franklin Dennis and Beverly A. Dennis (hereinafter petitioner) *349 timely filed (after taking into account certain extensions of time to file) a joint income tax return for 1988. In November 1987, petitioner purchased, for $ 31,294, a building known as the Levi Ferry-Sue Green Home (hereinafter the Levi Home) in New Albany, Indiana. The Levi Home was listed in the National Register of Historic Places. It had been operated as a Drug and Alcohol Rehabilitation Center prior to its purchase by petitioner. Petitioner began renovating the Levi Home immediately after she purchased it. However, she never had any plans prepared detailing the renovation, nor did she set any date on which she expected to complete the renovation. During 1987 and 1988, she expended $ 72,250 in renovation costs. In November 1988, petitioner began using one-half of the first floor as her residence. It was not until 1990 that she first received rental income from the Levi Home, and it totaled $ 3,890. In this connection, the parties have stipulated that petitioner first placed the Levi Home in service sometime after December 31, 1988. Petitioner included with her 1988 income tax return a Form 3468, on which she claimed a rehabilitation credit of $ 14,481 ($ 72,405 *350 x 20%). She attached to the form a copy of a "Historic Preservation Certification Application Request for Certification of Completed Work" (hereinafter application), signed by petitioner and dated August 14, 1989. In the application, she represented that the Levi Home was a certified historic structure (listed in the National Register on May 5, 1983), and stated that the rehabilitation work had not yet been completed. Nowhere did the application indicate that it had been received by the United States Department of Interior. Moreover, at the time this case was submitted for our decision, petitioner had not received a final certification of rehabilitation. Respondent maintains that petitioner is not entitled to the rehabilitation credit because she did not meet the requirements of sections 38, 46, and 48. She argues a number of grounds, including that: (1) The Levi Home was not the type of property which qualified for the rehabilitation credit, (2) petitioners never obtained certification for the improvements from the Secretary of the Interior, (3) the Levi Home was not placed in service in 1988, (4) petitioner failed to properly elect the "qualified progress expenditure" credit, *351 and (5) the amount of credit claimed was greater than the amount allowable. On the other hand, petitioner contends that she is entitled to the rehabilitation credit she claimed for 1988 because (1) the information she submitted on the Form 3468, which she filed with her 1988 income tax return, was sufficient to constitute a proper election of the "qualified progress expenditure" credit, and (2) she complied with the instructions in Internal Revenue Service Publication 572. In general, a rehabilitation credit in the amount of 20 percent of "qualified rehabilitation expenditures" is allowable when the taxpayer rehabilitates a building which is a "certified historic structure". Secs. 38, 46(a) and (b)(4)(ii). A certified historic structure includes any building which is listed in the National Register. Sec. 48(g)(3)(A). A qualified rehabilitation expenditure is an expenditure: (1) Made to rehabilitate a "qualified rehabilitated building"; (2) which is properly chargeable to a capital account; (3) for property on which depreciation is available; and (4) which is either nonresidential real property, residential rental property, real property which has a class life of more than 12.5 *352 years, or an addition or improvement to property described above. Sec. 48(g)(2)(A). A qualified rehabilitated building is defined as any building if: (i) such building has been substantially rehabilitated, and (ii) such building was placed in service before the beginning of the rehabilitation. Sec. 48(g)(1); see Alexander v. Commissioner, 97 T.C. 244, 247 (1991), affd. without published opinion 968 F.2d 12 (3d Cir. 1992). A qualified rehabilitated building is considered new section 38 property. Sec. 48(g)(4); sec. 1.46-5(e), Income Tax Regs.[2]
In addition, section 48 provides that the term "qualified rehabilitation expenditures" does not include any expenditure attributable to the rehabilitation of a certified historic structure unless the rehabilitation is a "certified rehabilitation". Sec. 48(g)(2)(B)(iv). A "certified rehabilitation" *353 is "any rehabilitation of a certified historic structure which the Secretary of the Interior has certified to the Secretary as being consistent with the historic character of such property or the district in which such property is located." Sec. 48(g)(2)(C). [3]
Generally, the rehabilitation credit may be taken in the taxable year in which the property to which the rehabilitation expenditures are attributable is placed in service. Sec. 1.48-11(d)(2), Income Tax Regs. However, section 46(d)(6) allows a taxpayer to elect, in the manner prescribed in the regulations, to take the rehabilitation credit prior to the year the property is placed in service, for "qualified progress expenditures" made with respect to "progress expenditure property". "Progress expenditure property" is property (1) which is being constructed by or for the taxpayer, (2) for which the taxpayer *354 reasonably expects a normal construction period of 2 years or more, and (3) which the taxpayer reasonably believes will be new section 38 property when it is placed in service. Sec. 46(d)(2). A qualified progress expenditure on self-constructed property includes amounts properly chargeable to a capital account in connection with that property. Sec. 46(d)(3)(A); sec. 1.46-5(d), Income Tax Regs.
As stated earlier, respondent has presented five arguments to support her determination that petitioner is not entitled to the rehabilitation credit for 1988. Basically, the first two arguments address whether petitioner is entitled to the rehabilitation credit at all, the third and fourth arguments address whether petitioner is entitled to the rehabilitation credit in 1988, and the last argument addresses the amount of the rehabilitation credit. Because respondent's first two arguments dispose of the entire issue in this case, we have decided to address those in our opinion. First, respondent argues that the Levi Home was not of a type qualifying for the rehabilitation credit. Specifically, she maintains that, because the Levi Home was used as a personal residence, it was not residential *355 rental property in 1988, and, therefore, the expenditures petitioner made were not "qualified rehabilitation expenditures", within the definition contained in section 48(g)(2)(A). We agree. To be a "qualifying rehabilitation expenditure", the Levi Home must have been "residential rental property" for which a depreciation deduction was allowable under section 168. Sec. 48(g)(2)(A). Depreciation is only allowable on property held in a trade or business or for the production of income. Secs. 167(a) and 168(a); see Noyce v. Commissioner, 97 T.C. 670, 689 (1991). Since petitioner lived in the Levi Home during 1988 and it was used by her solely for personal reasons, the property was not subject to depreciation. In addition, a rehabilitation credit on a certified historic structure is allowable only if the rehabilitation expenditures have been approved by the Secretary of Interior as a "certified rehabilitation". Sec. 1.48-12(c)(7)(iv). The parties have stipulated that the Levi Home is a certified historic structure and that petitioner has not received a certification of rehabilitation. Therefore, the expenditures made by petitioner do not constitute *356 qualified rehabilitation expenditures and, consequently, no rehabilitation credit is allowable. Nevertheless, petitioner argues that she has complied with the requirements for late certification under the regulations. Section 1.48-12(d)(7)(ii), Income Tax Regs., provides: If the final certification of completed work has not been issued by the Secretary of the Interior at the time the tax return is filed for a year in which the credit is claimed, a copy of the first page of the Historic Preservation Certification Application -- Part 2 -- Description of Rehabilitation (NPS Form 10-168a), with an indication that it has been received by the Department of the Interior or its designate, together with proof that the building is a certified historic structure (or that such status has been requested), must be attached to the Form 3468 filed with the return.
Although petitioner attached a "Historic Preservation Certification Application Request for Certification of Completed Work" to her 1988 tax return, this application does not appear to be the same form referred to in the regulations. Moreover, there is no indication in the application, or for that matter any place in the record, *357 that this application has been received or accepted for processing by the Secretary of the Interior. In addition, section 1.48-12(d)(7)(ii), Income Tax Regs., provides: If the taxpayer fails to receive final certification of completed work prior to the date that is 30 months after the date that the taxpayer filed the tax return on which the credit was claimed, the taxpayer must submit a written statement to the District Director stating such fact prior to the last day of the 30th month, and the taxpayer shall be requested to consent to an agreement under section 6501(c)(4) extending the period of assessment for any tax relating to the time for which the credit was claimed. The procedure permitted by the preceding sentence shall be used whenever the entire rehabilitation project is not fully completed by the date that is 30 months after the taxpayer filed the tax return upon which the credit was claimed (e.g. a phased rehabilitation) and the Secretary of the Interior has thus not yet certified the rehabilitation. [Emphasis added.]
Although this case was submitted to us more than 30 months after petitioner filed her 1988 income tax return, there is no evidence in the *358 record to show that petitioner complied with this regulation. Consequently, we find that petitioner's rehabilitation of the Levi Home, a certified historic structure, did not qualify as a "certified rehabilitation" and, therefore, she is not entitled to the rehabilitation credit. [4]
Due to concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 1.46-5, Income Tax Regs.↩, was finalized on March 1, 1988, and applies to taxable years ending after December 31, 1974.
3. Sec. 48(g)(2)(B)(iv) contains certain relief provisions from the certification requirement, but none of such provisions are applicable in this case.↩
4. Because we have decided that petitioner is not entitled to the rehabilitation credit, we need not address the other arguments raised by the parties.↩